[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13473
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 27, 2011
JOHN LEY
CLERK

D. C. Docket No. 08-00189-CR-6-TWT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODOLFO HERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 27, 2011)

Before EDMONDSON, CARNES, and PRYOR, Circuit Judges.

PER CURIAM:

Rodolfo Hernandez appeals his conviction for conspiracy to possess with

intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vii) and 846. Although Hernandez was charged with a conspiracy involving 1,000 kilograms or more of marijuana, at his plea colloquy he admitted to a conspiracy involving only 272 kilograms of marijuana. The district court accepted his guilty plea and sentenced Hernandez to ten years imprisonment, which is the mandatory minimum penalty for conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana. 21 U.S.C. § (b)(1)(A)(vii). Despite the fact that Hernandez failed to object in the district court, he now contends that the it erred by not considering the marijuana quantity to be an "essential element" of his charged offense. Based on that premise, he argues that the district court should have rejected his guilty plea because he admitted to a conspiracy involving only 272 kilograms and, for the same reason, that there was not an adequate factual basis under Rule 11 of the Federal Rules of Criminal Procedure for the district court to accept his guilty plea.

We review these issues for plain error because Hernandez failed to raise them in the district court. See United States v. Moriarty, 429 F.3d 1012, 1019–20 (11th Cir. 2005). "To establish plain error, a defendant must show there is (1) error, (2) that is plain, and (3) that affects substantial rights." Id. at 1020

We have held that drug quantities are sentencing factors as opposed to

2

elements of an offense defined in 21 U.S.C. § 841.  See <u>United States v. Baker</u>, 432

F.3d 1189, 1233 (holding that under 21 U.S.C. § 841 "the specific amount and type

of drugs are <u>not elements of the offense</u>") (emphasis added).  Accordingly, because

drug quantity is a sentencing factor, the district court did not err, much less plainly

err, by not considering it to be an element of the Hernandez's offense.  See <u>id.</u>

**AFFIRMED.**