[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-10352

_____

D.C. Docket Nos. 1:12-cv-01057-TWT; 1:08-cr-00189-TWT-RGV-6

RODOLFO HERNANDEZ,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 2, 2015)

Before WILLIAM PRYOR and JORDAN, Circuit Judges, and ROSENTHAL,[*]
District Judge.

WILLIAM PRYOR, Circuit Judge:

This appeal requires us to decide whether the district court abused its

discretion when it refused to conduct an evidentiary hearing to determine whether

_____
[*] Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas,
sitting by designation.

Rodolfo Hernandez's counsel provided effective assistance when she incorrectly advised him about the immigration consequences of his guilty plea. Hernandez pleaded guilty to one count of conspiring to possess with intent to distribute at least 1,000 kilograms of a substance containing marijuana, 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vii), 846, and three counts of possession with intent to distribute at least 100 kilograms of a substance containing marijuana, *id.* §§ 841(a)(1), (b)(1)(B)(vii); 18 U.S.C. § 2. After Hernandez entered his plea but before his conviction became final, the Supreme Court decided *Padilla v. Kentucky*, which held that "counsel must inform her client whether his plea carries a risk of deportation." 559 U.S. 356, 374, 130 S. Ct. 1473, 1486 (2010). Hernandez later moved to vacate his sentence based on ineffective assistance of counsel. 28 U.S.C. § 2255. The district court ruled that counsel did not render deficient performance and denied Hernandez's motion without an evidentiary hearing. Because Hernandez alleged facts that, if true, would entitle him to relief, we vacate and remand with instructions to conduct an evidentiary hearing.

## I. BACKGROUND

A federal grand jury indicted Hernandez for one count of conspiring to possess with intent to distribute at least 1,000 kilograms of a substance containing marijuana, 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vii), 846, and three counts of possession with intent to distribute at least 100 kilograms of a substance containing

marijuana, *id.* §§ 841(a)(1), (b)(1)(B)(vii); 18 U.S.C. § 2. Hernandez pleaded

guilty to all four counts.

During Hernandez's sentencing hearing, his counsel asked the district court

to explain the possibility of an immigration detainer:

> [T]here has been some discussion that I've had with Mr. Hernandez regarding his Cuban citizenship and the possibility of an immigration detainer. I have informed him that based on the information that I know in my past experience with Cuban Defendants that generally immigration detainers are not issued for Cuban Defendants and generally they are not deported back to Cuba. But if I could have either [the probation officer] or [the court] explain to Mr. Hernandez just so there's some clarity as far as what he could expect . . . .

The district court refused to answer the question because the court "ha[d]

absolutely no control over what Immigration and Customs Enforcement does."

The district court sentenced Hernandez to 120 months of incarceration and

five years of supervised release. This Court affirmed his conviction and sentence.

*United States v. Hernandez*, 411 F. App'x 265 (11th Cir. 2011).

After the Department of Homeland Security issued an immigration detainer

during his incarceration, Hernandez filed a *pro se* motion to vacate his sentence. 28

U.S.C. § 2255. Hernandez alleged that his "defense counsel advised [him] that

based on her past experiences, there is [a] substantial likel[i]hood that he would not

be deported from the United States to Cuba." Hernandez also alleged that his

"defense counsel advised [him] that based on her experience, detainers are

gene[r]ally not issued for Cuban defendants." Hernandez alleged that, "[a]bsent

3

counsel's grossly incorrect advice, [he] would not have entered a plea of guilty but would have insisted in proceeding to trial." And he later alleged that he has "been in [the] United States with his family almost his entire life[,] and therefore, he would not have agreed to plead guilty which will automatically remove him from his family and from a Country he ha[s] called home all [of] his adult life."

The district court denied Hernandez's motion to vacate without an evidentiary hearing because Hernandez "entered his guilty plea . . . more than one year before the Supreme Court's . . . decision in *Padilla*" and "[c]ounsel's failure to anticipate a change in the law does not constitute ineffective assistance." We granted Hernandez a certificate of appealability on the issue whether the district court abused its discretion when it denied his motion without an evidentiary hearing.

## II. STANDARD OF REVIEW

We review for an abuse of discretion the denial of an evidentiary hearing in a motion to vacate a sentence, 28 U.S.C. § 2255. *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014). "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." *Id.* (internal quotation marks and citation omitted). "A petitioner is entitled to an evidentiary hearing if he 'alleges

4

facts that, if true, would entitle him to relief.'" *Id.* at 1216 (quoting *Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002)). But "a district court need not hold a[n evidentiary] hearing if the allegations are 'patently frivolous,' 'based upon unsupported generalizations,' or 'affirmatively contradicted by the record.'" *Id.* (quoting *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989)).

### III. DISCUSSION

The district court abused its discretion when it denied Hernandez's motion without an evidentiary hearing. The district court erred when it ruled that *Padilla* did not govern counsel's performance. And Hernandez alleged facts that, if true, would entitle him to relief. The district court must conduct an evidentiary hearing.

To establish that he is entitled to an evidentiary hearing, Hernandez had to allege facts that would prove both that his counsel performed deficiently and that he was prejudiced by his counsel's deficient performance. *Padilla*, 559 U.S. at 366, 130 S. Ct. at 1482 (citing *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984)). Counsel performed deficiently if her "representation 'fell below an objective standard of reasonableness.'" *Id.* (quoting *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2064). And prejudice occurred if "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068).

As a threshold matter, the government concedes that it led the district court astray when it argued that *Padilla* did not govern the review of Hernandez's motion because *Padilla* was decided after Hernandez entered his plea. Although we have ruled that an attorney's failure to anticipate a change in the law does not constitute deficient performance, we were concerned with a circumstance where counsel failed to make an argument in the district court or on appeal that later, because of a change in the law, proved to be meritorious. *See, e.g.*, *Elledge v. Dugger*, 823 F.2d 1439, 1443 (11th Cir. 1987) (explaining that, because counsel "did not have the benefit" of the decision of the Supreme Court in *Michigan v. Mosley*, 423 U.S. 96, 96 S. Ct. 321 (1975), counsel was not deficient for failing to argue that his client's rights were violated by "repeated reinterrogation in conjunction with repeated *Miranda* warnings"); *Thompson v. Wainwright*, 787 F.2d 1447, 1459 n.8 (11th Cir. 1986) (holding that counsel's "failure to request psychiatric assistance with respect to mitigating circumstances was not ineffective assistance of counsel" because the "Supreme Court's decision in *Ake* [*v.Oklahoma*, 470 U.S. 68, 105 S. Ct. 1087 (1985),] was a change in the law which was not foreseeable"); *Proffitt v. Wainwright*, 685 F.2d 1227, 1249 n.34 (11th Cir. 1982) (rejecting an "argument that [client's] attorney should have requested expert assistance to aid him in preparing the mitigation defense" because the Supreme Court had not yet decided *Lockett v. Ohio*, 438 U.S. 586, 98 S. Ct. 2954 (1978),

6

and *Gardner v. Florida*, 430 U.S. 349, 97 S. Ct. 1197 (1977)). None of these decisions involved an application of *Strickland* to a counsel's performance. Here, the issue is not whether Hernandez's counsel should have made an argument in the district court; the issue is whether Hernandez's counsel performed deficiently when she advised him about the immigration consequences of his guilty plea. As the government concedes, *Padilla* governs the review of whether counsel performed deficiently when she advised Hernandez to plead guilty.

Based on the rule announced in *Padilla*, Hernandez alleged facts that, if true, would prove that his counsel's advice was deficient. In *Padilla*, the Supreme Court held that counsel is ineffective if she does not "inform her client whether [a guilty] plea carries a risk of deportation." 559 U.S. at 374, 130 S. Ct. at 1486. "[W]hen the deportation consequence is truly clear," counsel has a "duty to give correct advice." *Id.* at 369, 130 S. Ct. at 1483. Hernandez alleged that his counsel advised him that there was a "substantial likel[i]hood that he would not be deported." But "deportation [i]s presumptively mandatory" for convictions related to trafficking in a controlled substance. *Id.* at 369, 130 S. Ct. at 1483; *see also* 8 U.S.C. § 1227(a)(2)(B)(i) ("Any alien who at any time after admission has been convicted of a violation of . . . any law . . . relating to a controlled substance . . . is deportable."). The record corroborates Hernandez's allegation because his counsel

stated on the record that she "informed him that based on . . . [her] past experience . . . Cuban Defendants . . . generally . . . are not deported back to Cuba."

Hernandez also alleged facts that, if true, would prove that he was prejudiced by his counsel's deficient performance. A movant must allege facts that would prove that a decision not to plead guilty "would have been rational under the circumstances." *Padilla*, 559 U.S. at 372, 130 S. Ct. at 1485. And "[p]reserving the client's right to remain in the United States may be more important to the client than any potential jail sentence." *Id.* at 368, 130 S. Ct. at 1483 (internal quotation marks and citation omitted). Hernandez alleged that he would not have pleaded guilty if a plea would have "automatically remove[d] him from his family and from a Country he ha[s] called home all [of] his adult life." This allegation is more than an "unsupported generalization[]," *Winthrop-Redin*, 767 F.3d at 1216 (internal quotation marks and citation omitted). Hernandez alleged specific facts that would prove that he could have rationally chosen to risk longer incarceration for the chance to avoid deportation. Because he alleged facts that, if true, would prove that his counsel performed deficiently and that he was prejudiced by her deficient performance, Hernandez is entitled to an evidentiary hearing. *Id.*

## IV. CONCLUSION

We **VACATE** the order that denied Hernandez's motion to vacate and **REMAND** with instructions to conduct an evidentiary hearing to determine whether Hernandez is entitled to relief.