[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10088
Non-Argument Calendar
_____

D.C. Docket No. 5:14-cv-00147-WS-EMT

ALLEN ABNEY,

Petitioner-Appellant,

versus

WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(July 29, 2015)

Before MARTIN, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

Petitioner, Allen Abney, a federal prisoner proceeding *pro se*, appeals the

district court's dismissal of his petition for habeas corpus filed pursuant to 28

U.S.C. § 2241.  Petitioner has filed a motion for the appointment of counsel to assist him in his appeal, which we **DENY**.  As to the substance of the appeal, the district court adopted the magistrate judge's report and recommendation ("R&R") dismissing the § 2241 petition for lack of jurisdiction.  After careful review, we affirm.

## I.  Background

Following a jury trial in the United States District Court for the Western District of New York, Petitioner was convicted in May 2006 of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  Federal prosecutors ("the Government") provided evidence to the sentencing court that Petitioner had at least three prior state convictions that qualified as predicate offenses under 18 U.S.C. § 924(e) (the "ACCA"), including:  (1) a 1985 felony conviction for attempting to cause bodily injury with a deadly weapon, (2) a 1987 felony conviction for cocaine distribution, which had a maximum sentence of 15 years, and (3) a 1989 felony conviction for indecent assault.  Based on these convictions, the court sentenced Petitioner as an armed career criminal under the ACCA to 240 months in prison followed by five years of supervised release.  Petitioner appealed his conviction and sentence to the Second Circuit Court of Appeals in February 2007.  The Second Circuit dismissed the appeal in June 2009.

In October 2009, Petitioner filed a motion in the Western District of New

2

York to vacate his sentence pursuant to 28 U.S.C. § 2255.[1]  Among other asserted claims, Petitioner argued in his § 2255 motion that the sentencing court erroneously categorized him as an armed career criminal under the ACCA.  The district court denied Petitioner's § 2255 motion and declined to issue a certificate of appealability ("COA").  Petitioner filed a notice of appeal and a motion for a COA, which the Second Circuit denied.  Petitioner subsequently filed another § 2255 motion in the Western District of New York, which the district court construed as a request for permission to file a second or successive § 2255 motion and transferred to the Second Circuit pursuant to 28 U.S.C. § 2255(h).  The Second Circuit denied the motion.

Petitioner filed the § 2241 petition underlying this appeal in June 2014, asserting several grounds for relief from his sentence.[2]  Specifically, Petitioner alleged that his sentence violated due process because of a "lack of evidence" that his 1987 drug conviction and his 1989 indecent assault conviction qualified as ACCA predicates under the Supreme Court's decisions in *Shepard v. United States*, 544 U.S. 13 (2005), *Begay v. United States*, 553 U.S. 137 (2008), and *Descamps v. United States*, 133 S. Ct. 2276 (2013).  Petitioner also argued that the

---

[1]  Petitioner had filed two prior § 2255 motions, which were dismissed as premature and denied without prejudice to refile after his direct appeal became final.

[2]  In the interim, Petitioner filed a separate § 2241 petition in the Northern District of Florida, which the district court denied.  He subsequently filed a third successive § 2255 motion in the Western District of New York, which was again transferred to and denied by the Second Circuit.

sentence was imposed without the effective assistance of counsel.

The magistrate judge issued an R&R recommending dismissal of the petition. The R&R noted that § 2255 is the primary method available to collaterally attack a federal sentence, and that § 2255(e) imposes jurisdictional requirements for obtaining relief under § 2241 that were not satisfied in this case. The district court adopted the R&R, and dismissed the petition for lack of jurisdiction. Petitioner argues on appeal that his claims met the jurisdictional requirements of § 2255(e), and that the district court thus erred in dismissing the petition. Petitioner also argues that the district court abused its discretion by failing to conduct an evidentiary hearing prior to dismissing his petition.

## II. Discussion

A.    Availability of Relief under § 2241

Whether the district court had jurisdiction to consider the merits of a § 2241 petition is a question of law that we review de novo. *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337 (11th Cir. 2013). The jurisdictional question is a threshold issue, and we cannot reach the merits of a § 2241 petition unless we find that the district court had jurisdiction to entertain it. *Id.* at 1337, 1340 (holding that § 2255(e) imposes a jurisdictional limit on § 2241 petitions).

As noted in the R&R, § 2255 is the primary mechanism for a federal prisoner to collaterally attack his sentence. *See Bryant v. Warden, FCC Coleman-*

*Medium*, 738 F.3d 1253, 1256 (11th Cir. 2013).  Petitioner previously filed an unsuccessful § 2255 motion, and the Second Circuit denied Petitioner's subsequent attempts to file a second or successive § 2255 motion.  *See* 28 U.S.C. § 2255(h) (authorizing a successive motion that is certified by the appellate court to contain newly-discovered evidence sufficient to show that no reasonable factfinder would have found the petitioner guilty or a new, retroactively applicable, rule of constitutional law that was previously unavailable).  Relief under § 2255 is thus unavailable to Petitioner.  *See Gilbert v. United States*, 640 F.3d 1293, 1311 (11th Cir. 2011) (en banc) ("The statutory bar against second or successive motions is one of the most important AEDPA safeguards for finality of judgment.").

Petitioner argues that he may nevertheless collaterally attack his sentence via a § 2241 petition that falls within the "savings clause" of § 2255(e).  The savings clause permits a prisoner to file a § 2241 petition where the remedy provided by § 2255 is "inadequate or ineffective to test the legality of [the prisoner's] detention."  28 U.S.C. § 2255(e); *see also Bryant*, 738 F.3d at 1256.  As applied to sentencing claims such as Petitioner's, this Court has interpreted the "inadequate or ineffective" language to permit a § 2241 petition when:  (1) throughout sentencing, direct appeal, and the first § 2255 proceeding, the relevant Circuit precedent specifically addressed and squarely foreclosed the claim raised in the § 2241 petition, (2) subsequent to the first § 2255 proceeding, a Supreme Court decision

5

overturned the Circuit precedent that had squarely foreclosed the claim, (3) the new rule announced by the Supreme Court applies retroactively on collateral review, (4) as a result of the new rule being retroactive, the petitioner's current sentence exceeds the statutory maximum authorized by Congress, and (5) the savings clause of § 2255(e) reaches the petitioner's claim. *See Bryant*, 738 F.3d at 1274.

As discussed, Petitioner relies on the Supreme Court's decisions in *Shepard*, *Begay*, and *Descamps* to satisfy the above requirements. Specifically, Petitioner argues that his 1987 drug conviction does not qualify as an ACCA predicate because the sentencing court improperly looked beyond *Shepard*-approved documents to determine that the conviction involved cocaine and thus carried a penalty of more than ten years. Petitioner further asserts that his 1989 indecent assault conviction does not qualify as a "violent felony" under *Begay's* "purposeful, violent, and aggressive" analysis, and that the sentencing court failed to follow the categorical approach required by *Descamps* in concluding that the assault was a "violent felony." *See Begay*, 553 U.S. at 144-145; *Descamps*, 133 S. Ct. at 2281-2282.

*Shepard* and *Begay* do not even arguably bring Petitioner's claim within the first or second prong of *Bryant*. *Shepard* was decided in 2005, and was thus available to Petitioner throughout his sentencing, direct appeal, and first § 2255

proceeding.  Likewise, *Begay* was decided in 2008, prior to Petitioner's first § 2255 proceeding.  In fact, Petitioner acknowledges that he alleged a *Begay* error in his first § 2255 motion, but the district court determined that his claim was procedurally barred.

As for *Descamps,* that decision does not meet *Bryant's* third prong, which requires an intervening Supreme Court decision that "applies retroactively on collateral review."  *Bryant*, 738 F.3d at 1274.  To apply retroactively, a Supreme Court decision must first announce a "new rule."  *Teague v. Lane*, 489 U.S. 288, 301 (1989) ("a case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final") (emphasis in original).  *See also Howard v. United States*, 374 F.3d 1068, 1073-74 (11th Cir. 2004) (applying the *Teague* retroactivity doctrine).  Assuming that requirement is met, the decision must also fall within an exception to the general prohibition against the retroactive application of such new rules to convictions that are already final.  *See Schriro v. Summerlin*, 542 U.S. 348, 351 (2004) (explaining that new constitutional rules only apply to final convictions in limited circumstances).  New substantive rules generally qualify as an exception, but new procedural rules generally do not.  *Id.* at 351-352 (noting that only a "small set of watershed rules of criminal procedure" apply retroactively) (quotation marks and citation omitted).

*Descamps* refined the process for determining whether a prior conviction qualifies as a "violent felony" under the ACCA.  *See Descamps*, 133 S. Ct. at 2281-82.  The *Descamps* Court reaffirmed that in the case of a "divisible" statute, the sentencing court may apply a "modified categorical approach" to determine which of the statutory alternatives formed the basis of the defendant's prior conviction and thus whether the conviction qualifies as an ACCA predicate.  *Id.* at 2283-84 (citing *Taylor v. United States*, 495 U.S. 575 (1990) and *Shepard v. United States*, 544 U.S. 13 (2005)).  In other words, when the statute at issue sets out alternative crimes, some of which qualify as ACCA predicates and some of which do not, the sentencing court may look to certain *Shepard*-approved documents to determine which crime the defendant committed.  However, the *Descamps* Court held that the modified approach had "no role to play" in a case involving an "indivisible" statute, that is, a statute that simply defines the crime at issue too broadly rather than setting forth alternative elements.  *Id.* at 2285-86.  Following *Descamps*, a sentencing court cannot look beyond the fact of conviction to determine whether the defendant's violation of an indivisible statute qualifies as an ACCA predicate.  *Id.*

As is evident from the above discussion, *Descamps* did not announce a "new" constitutional rule.  In fact, the *Descamps* Court emphasized that the outcome in the case was "all but resolve[d]" by existing Supreme Court precedent

8

"explaining the categorical approach and its 'modified' counterpart." *Id.* at 1283.

Neither did *Descamps* implement a substantive or a "watershed" procedural

change in the law. *See Schriro*, 542 U.S. at 352-357 (describing the difference

between substantive and procedural rules and discussing the "extremely narrow"

class of watershed procedural rules). Rather, the *Descamps* Court simply

interpreted its "prior decisions and the principles underlying them" to hold that

"sentencing courts may not apply the modified categorical approach when the

crime [at issue] has a single, indivisible set of elements." *Descamps*, 133 S. Ct. at

2282. As such, *Descamps* does not apply retroactively to cases on collateral

review, and is not a proper basis for granting relief under § 2241 via the savings

clause of § 2255(e). *See Bryant*, 738 F.3d at 1274.

B.    Failure to Conduct an Evidentiary Hearing

We review the district court's denial of an evidentiary hearing in this case

for an abuse of discretion. *See Hernandez v. United States*, 778 F.3d 1230, 1232

(11th Cir. 2015). An evidentiary hearing is not required if the petitioner's

allegations or claims are "affirmatively contradicted by the record." *Id.* (quotation

marks and citation omitted). That is the case here. It was evident from the record

before the district court that Petitioner was not entitled to relief under § 2241,

because he did not cite any Supreme Court authority that was (1) issued after his

first § 2255 proceeding and (2) retroactively applicable. *See Bryant*, 738 F.3d at

9

1274.  Thus, the district court did not abuse its discretion in denying Petitioner's request for an evidentiary hearing.  *See San Martin v. McNeil*, 633 F.3d 1257, 1271-1272 (11th Cir. 2011) (the district court did not abuse its discretion in denying an evidentiary hearing where there was no reason to believe an evidentiary hearing would help the petitioner prevail on his claims).

## III.  Conclusion

For the reasons discussed above, Petitioner's motion for the appointment of counsel is **DENIED**, and the district court's decision to dismiss Appellant's § 2241 petition is **AFFIRMED.**