[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 15-11471
Non-Argument Calendar

————————————————

D.C. Docket No. 4:14-cv-00300-MW-CAS

RHONDA FLEMING,

Petitioner-Appellant,

versus

WARDEN OF FCI TALLAHASSEE,

Respondent-Appellee,

BALLENTYNE-DAVIS,
Unit Manager, et al.,

Respondents.

————————————————

Appeal from the United States District Court
for the Northern District of Florida

————————————————

(November 18, 2015)

Before TJOFLAT, MARCUS and JILL PRYOR, Circuit Judges.

PER CURIAM:

Rhonda Fleming, a federal prisoner proceeding pro se, appeals the district court's dismissal of her habeas corpus petition, filed pursuant to 28 U.S.C. § 2241. Fleming raised six grounds in her § 2241 petition: (1) that the prison was violating her court-ordered restitution payment schedule by forcing her to pay a higher amount each month; (2) that she was "factually innocent" of the charges against her; (3) that she was "factually innocent" of the loss amount used to calculate her total sentence; (4) that she was being held in the Special Housing Unit ("SHU") without a hearing; (5) that she was being denied access to the law library; and (6) that prison officials had retaliated against her for filing grievances by placing her in the SHU and monitoring her mail.  The district court denied the petition in full.  On appeal, Fleming argues that: (1) the district court erred in dismissing Claims 1, 4, 5, and 6 for failure to exhaust administrative remedies; and (2) the district court erred in dismissing Claims 2 and 3 on the ground that they should have been brought in a motion under 28 U.S.C. § 2255.  After careful review, we affirm.

We review de novo the district court's denial of habeas relief under § 2241. Bowers v. Keller, 651 F.3d 1277, 1291 (11th Cir. 2011).  Jurisdictional issues are also subject to de novo review.  See Taylor v. United States, 396 F.3d 1322, 1327 (11th Cir. 2005) (reviewing de novo the dismissal of an alien's habeas petition for lack of jurisdiction).  A district court's denial of an evidentiary hearing is reviewed for abuse of discretion.  Breedlove v. Moore, 279 F.3d 952, 959 (11th Cir. 2002)

2

(analyzing a claim that the district court abused its discretion in denying an evidentiary hearing concerning a 28 U.S.C. § 2254 habeas corpus petition). The abuse of discretion standard recognizes there is a range of choice for the district court, and as long as its decision does not amount to a clear error of judgment, we will not reverse even if we may have gone the other way. Drew v. Dep't of Corr., 297 F.3d 1278, 1293 n.7 (11th Cir. 2002), overruled on other grounds by Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). While briefs by pro se parties are read liberally, issues not briefed on appeal by pro se litigants are deemed abandoned. Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

First, we are unpersuaded by Fleming's claim that the district court erred by dismissing several of her claims on exhaustion grounds. In the past, we've held that failure to exhaust administrative remedies deprives a court of subject matter jurisdiction over a § 2241 petition. See Santiago-Lugo v. Warden, 785 F.3d 467, 471 (11th Cir. 2015). Recently, however, we acknowledged that subsequent Supreme Court decisions have undermined that holding to the point of abrogation, and we concluded that a § 2241 petitioner's failure to exhaust administrative remedies is not a jurisdictional defect. Id. at 471-72, 474-75. We noted that § 2241's exhaustion requirement was judicially imposed, not congressionally mandated, and that nothing in the statute itself supported the conclusion that the requirement was jurisdictional. Id. at 474. But we added that the exhaustion

3

requirement was still a requirement and that courts cannot "disregard a failure to exhaust . . . if the respondent properly asserts the defense." Id. at 475.

In Cani v. United States, 331 F.3d 1210 (11th Cir. 2003), a federal prisoner appealed the dismissal of a "Petition for Recalculation of Amount and Manner of Payment of Restitution," and argued that the district court erred in characterizing his claim as a § 2255 motion. Id. at 1212. We said the district court erred insofar as it concluded that the petition was not cognizable under 18 U.S.C. § 3664(k), but we nevertheless affirmed since his claim was plainly unmeritorious. Id. at 1212-13. In doing so, we noted that, as a technical matter, the district court had subject matter jurisdiction and therefore should have denied the motion as opposed to dismissing it. Id. at 1216. However, because Cani's claims were not meritorious, we determined that the distinction made "no significant difference," and construed the district court's dismissal as a denial. Id.; see also 28 U.S.C. § 2106.

An evidentiary hearing is not required if the petitioner's allegations or claims are affirmatively contradicted by the record. Hernandez v. United States, 778 F.3d 1230, 1232 (11th Cir. 2015). Nor is an evidentiary hearing warranted based on mere allegations, absent evidentiary support, especially when the evidence presented undermines the petitioner's claim. Drew, 297 F.3d at 1293 n.7.

Here, district court did not err in determining that Fleming had not exhausted administrative remedies for her first, fourth, fifth, and sixth claims. As for Claim 1

4

-- Fleming's restitution claim -- the record showed that she had filed a grievance as to the issue in 2010, but later withdrew the grievance and did not file any more. Fleming claims that there was an informal favorable resolution, which exhausted administrative remedies, but this argument falls short. First, she cites no binding Circuit precedent for her position. Second, even if a favorable informal resolution was sufficient to exhaust administrative remedies, this kind of response to her 2010 grievance did not do so, because the instant complaint arose out of a payment contract that she entered in 2014.

As for Claims 4, 5, and 6, evidence showed that Fleming attempted to bypass the institutional level for grievances in September 2014 by marking two grievances "sensitive" and sending them to the regional level. However, her grievances were not deemed "sensitive," and Fleming was instructed to resubmit them at the institutional level, but there is no record that she did so. Fleming argues that the district court abused its discretion by determining that she did not exhaust her administrative remedies without first holding an administrative hearing, because she had alleged that officials failed to process grievances that she filed at the institutional level. However, it was not a clear error in judgment not to hold an evidentiary hearing based on those allegations alone, in light of the evidence submitted by the government. Drew, 297 F.3d at 1293 n.7.

We recognize that Santiago-Lugo indicates that it was improper for the district court to dismiss for lack of jurisdiction because Fleming failed to exhaust her administrative remedies. 785 F.3d at 471-72, 474-75. But while Santiago-Lugo held that the exhaustion requirement in § 2241 cases is not jurisdictional, it expressly noted that it is still a requirement that may be raised as a defense. Id. at 475. The government raised the issue below, and the court determined that Fleming had not exhausted administrative remedies as to all of her claims other than her factual innocence claims. Therefore, this is a situation where the distinction between dismissal and denial makes "no significant difference," and we construe the district court's order as a denial as to claims 1, 4, 5, and 6, and affirm. See Cani, 331 F.3d at 1216.

We are also unpersuaded by Fleming's argument that the district court erred in dismissing her actual innocence claims. Challenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008) (stating that a § 2241 action was the appropriate vehicle to challenge a decision of the federal Parole Commission). While there is ambiguity in our precedent as to whether § 2241 and 28 U.S.C. § 2254 embody distinct remedies (and, thus, whether a state prisoner may avoid the procedural restrictions on § 2254 petitions by filing under § 2241), there is no such dispute concerning federal

6

prisoners. Id. at 1351 n.1. A prisoner in custody pursuant to a federal court judgment cannot avoid the procedural restrictions on § 2255 motions by changing the caption on her petition to § 2241, and may proceed under § 2241 only when she raises claims outside the scope of § 2255(a). Id.

Our cases refer to an "actual innocence" claim in at least three different types of habeas cases. Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1010 (11th Cir. 2012). In the first type, a petitioner's actual innocence is itself the constitutional basis of the habeas petition. Id. In the other two types of actual innocence claims, the petitioner's assertion of innocence is not itself a freestanding claim, but merely serves as a "gateway" to get the federal court to consider claims that the federal court would otherwise be barred from hearing. Id. at 1011. Therefore, to successfully plead actual innocence, a petitioner must show that her conviction resulted from a constitutional violation. Id. We have said that "freestanding" actual innocence claims are generally insufficient to state a claim to postconviction relief. Zelaya v. Sec'y, Fla. Dep't of Corr., 798 F.3d 1360, 1371 n.8 (11th Cir. 2015). Moreover, a petitioner may not assert "actual innocence" and nothing more in a § 2241 petition where § 2255 is not inadequate or ineffective. Id. at 1272.

In Dansby v. Hobbs, 766 F.3d 809 (8th Cir. 2014), the Eighth Circuit found that a § 2254 petitioner did not meet the "extraordinarily high" threshold to bring a

7

freestanding actual innocence claim.  Id. at 816-17.  Similarly, in Jones v. Taylor, 763 F.3d 1242 (9th Cir. 2014), the Ninth Circuit determined that a § 2254 petitioner failed to establish a free-standing claim of actual innocence.  Id. at 1246. Although Jones had not exhausted the claim in state court, the Ninth Circuit reviewed his unexhausted actual innocence claim under § 2254(b)(2)'s language stating that a habeas corpus petition may be denied on the merits notwithstanding the failure to exhaust administrative remedies.  Id. at 1243 n.1.

Here, the district court properly found that Claims 2 and 3, which asserted "factual innocence," were not cognizable in the § 2241 context because they were more appropriate for a § 2255 motion.  The Eighth and Ninth Circuit cases Fleming cites for the proposition that the court could hear her free-standing actual innocence claims are inapplicable, since they were both decided in the context of § 2254 petitions.  See Dansby, 766 F.3d at 816-17; Jones, 763 F.3d at 1246.  While we've acknowledged that state prisoners may be able to avoid the procedural requirements of § 2254 by filing a § 2241 petition, the precedent is clear that federal prisoners may not avoid § 2255's procedural requirements by doing so. Antonelli, 542 F.3d at 1351 n.1.  Claims 2 and 3 did not challenge the execution of Fleming's sentence, and the district court correctly concluded that it could not hear them in a § 2241 petition because they were within § 2255's scope.  Id.

**AFFIRMED**.