[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10857
Non-Argument Calendar
_____

D.C. Docket No. 6:17-cr-00205-PGB-LRH-4


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ZAFAR BAKHRAMOVICH YADIGAROV,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 8, 2021)

Before MARTIN, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Zafar Yadigarov appeals the district court's denial of his 28 U.S.C. § 1651 petition for a writ of error *coram nobis*.  On appeal, Yadigarov argues that the district court erred by ruling that his petition was procedurally barred and by denying his petition without holding an evidentiary hearing.  Because we discern no abuse of discretion, we affirm.

## I.     BACKGROUND

A federal grand jury indicted Yadigarov on one count of conspiracy to commit marriage fraud and one count of marriage fraud.  Three days before trial, Yadigarov's attorney advised him that he "really need[ed] to plea" because Yadigarov could "get 16 months prison when [he] los[t]."  Doc. 427-1 at 2.[1]  The day of trial, Yadigarov pled guilty to both counts.

At the change of plea hearing before the district court, Yadigarov testified that he had received a copy of the indictment, discussed the charges with his attorney, and was fully satisfied with his attorney's representation and advice.  Yadigarov acknowledged that he had not been threatened, intimidated, or coerced into pleading guilty.  And he said he understood it was "exceptionally likely" that he could be deported from the United States because of his guilty pleas.  Doc. 392 at 6.  The court informed Yadigarov of the potential statutory penalties he faced and explained that the advisory sentencing guidelines range would not be

---

[1] "Doc." numbers refer to the district court's docket entries.

2

calculated until after the probation office prepared a Presentence Investigation Report ("PSR"). The district court cautioned Yadigarov that if the PSR's guidelines range was different from what he expected, he could not withdraw his guilty plea on that basis. The district court also explained that the Sentencing Guidelines were advisory and that the court could impose a sentence lower or higher than the PSR's recommended range. Yadigarov said that he understood. Yadigarov pled guilty to both counts; the court accepted the plea and adjudicated him guilty.

The PSR grouped both counts per U.S.S.G. § 3D1.2(b) and determined that under U.S.S.G. § 2L2.2(a), Yadigarov's base offense level was eight. The PSR applied a two-level reduction for acceptance of responsibility, yielding a total offense level of six. Based on his total offense level and criminal history category of I, Yadigarov's recommended range under the Sentencing Guidelines was zero to six months' imprisonment.

Shortly after the PSR was filed, Yadigarov moved to withdraw his guilty plea. He contended, among other arguments, that he felt pressured to plead guilty by his family and friends and from the fear of potential immigration consequences. The district court denied Yadigarov's motion, concluding that his plea was a "knowing, voluntary, and intelligent decision that was made without undue influence." Doc. 364 at 5. Yadigarov's case proceeded to sentencing, where the

district court sentenced him to time served and one year of supervised release.

Yadigarov filed a notice of appeal and later voluntarily dismissed the appeal.

When he dismissed the appeal, Yadigarov had almost eight months left in his term

of supervised release.

About four months after his term of supervised release ended, Yadigarov

filed a petition for a writ of error *coram nobis* under the All Writs Act, 28 U.S.C.

§ 1651(a), in the district court, asserting ineffective assistance of counsel.

Yadigarov argued that his attorney wrongfully advised him that if convicted at

trial, his guidelines range would be 10–16 months' imprisonment when, in fact, the

range was 0–6 months regardless of whether he pled guilty or proceeded to trial.

But for this incorrect advice, Yadigarov would have "taken his chances at trial."

Doc. 427 at 5.

The district court denied Yadigarov's petition.  The court explained that

ineffective assistance of counsel claims were properly pursued under 28 U.S.C.

§ 2255 and that, under *Carlisle v. United States*, 517 U.S. 416 (1996), "'[w]here a

statute specifically addresses the particular issue at hand, it is that authority, and

not the All Writs Act, that is [c]ontrolling.'"  Doc. 428 at 2 (quoting *Carlisle*,

517 U.S. at 429).  Because Yadigarov had ignored *Carlisle* and failed to articulate

why he did not pursue relief under § 2255, the court concluded his petition was

frivolous.

4

The district court also determined that even if *coram nobis* relief was available, Yadigarov was not entitled to it. At the change of plea hearing, the court informed Yadigarov of the potential consequences of pleading guilty, that the guidelines range would not be calculated until after the PSR was prepared, and that the court could impose a sentence above or below the guidelines range. As a result, Yadigarov was "well-aware of the potential risks of proceeding to trial . . . and that any advice by his attorney regarding the sentencing guidelines may prove to be incorrect." *Id.* at 6. The district court concluded that Yadigarov elected to plead guilty and his attempt to vacate his convictions to avoid deportation was not the type of "compelling circumstance[]" for which *coram nobis* relief was intended. *Id.* at 5 (internal quotation marks omitted).

This is Yadigarov's appeal.

## II.    STANDARD OF REVIEW

We review a district court's denial of a writ of error *coram nobis* for an abuse of discretion. *United States v. Bane*, 948 F.3d 1290, 1294 (11th Cir. 2020). An error of law is an abuse of discretion. *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000). And a district court abuses its discretion if it makes a finding of fact that is clearly erroneous. *Diveroli v. United States*, 803 F.3d 1258, 1262 (11th Cir. 2015). "A factual finding is clearly erroneous when, upon review of the

evidence, we are left with a definite and firm conviction a mistake has been made." *United States v. Dimitrovski*, 782 F.3d 622, 628 (11th Cir. 2015).

We have not yet specified a standard of review for the denial of an evidentiary hearing in a petition for a writ of error *coram nobis*, but in other contexts a district court's denial of an evidentiary hearing is reviewed for an abuse of discretion. *See Aron v. United States*, 291 F.3d 708, 714 n.5 (11th Cir. 2002); *see also, e.g.*, *Hernandez v. United States*, 778 F.3d 1230, 1232 (11th Cir. 2015) (evidentiary hearing in a motion to vacate a sentence); *Burgess v. Comm'r, Ala. Dep't of Corr.*, 723 F.3d 1308, 1320 (11th Cir. 2013) (evidentiary hearing in a habeas proceeding). In *Aron*, we noted that if the petitioner "alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." 291 F.3d at 715 (internal quotation marks omitted). However, a district court is not required to hold an evidentiary hearing where the petitioner's allegations are "affirmatively contradicted by the record, or the claims are patently frivolous." *Id.*

## III.    DISCUSSION

Federal courts have authority to issue writs of error *coram nobis* under the All Writs Act, 28 U.S.C. § 1651(a). *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). "A writ of error *coram nobis* is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody,

6

as is required for post-conviction relief under 28 U.S.C. § 2255." *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002). The writ of error *coram nobis* is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice. *Mills*, 221 F.3d at 1203. The bar for obtaining *coram nobis* relief is high, and the writ may issue only where "there is and was no other available avenue of relief" and "the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." *Alikhani*, 200 F.3d at 734 (internal quotation marks omitted). Further, courts may consider *coram nobis* petitions only where the petitioner "presents sound reasons for failing to seek relief earlier." *Mills*, 221 F.3d at 1204.

The district court did not abuse its discretion in denying Yadigarov's petition for writ of error *coram nobis* because, although 28 U.S.C. § 2255 offered an avenue of relief, Yadigarov failed to seek it and to provide sound reasons for failing to do so.[2] Yadigarov requests *coram nobis* relief based on ineffective assistance of counsel, but "an ineffective assistance of counsel claim is properly

---

[2] Because we conclude that the district court properly determined that Yadigarov was not entitled to *coram nobis* relief on this ground, we do not decide whether ineffective assistance of counsel may serve as the basis for *coram nobis* relief or address the merits of Yadigarov's ineffective assistance of counsel claim. *See Gonzalez v. United States*, 981 F.3d 845, 851 (11th Cir. 2020) ("We have assumed but not decided that ineffective assistance of counsel may constitute an error so fundamental as to warrant coram nobis relief." (internal quotation marks omitted)).

raised in a collateral attack on the conviction under 28 U.S.C. § 2255." *United States v. Merrill*, 513 F.3d 1293, 1308 (11th Cir. 2008) (alteration adopted) (internal quotation marks omitted).  Yadigarov correctly notes that § 2255 relief was unavailable when he filed his *coram nobis* petition because he was no longer "in custody," as is required for post-conviction relief under § 2255.  *Peter*, 310 F.3d at 712.  However, Yadigarov could have raised his ineffectiveness claim under § 2255 until October 10, 2019, when his term of supervised release ended.  *See United States v. Brown*, 117 F.3d 471, 475 (11th Cir. 1997) (holding a person is "in custody" within the meaning of § 2255 when he is serving a term of supervised release).  There was an available avenue of relief for the claim Yadigarov seeks to vindicate; he simply failed to pursue it.  *See Alikhani*, 200 F.3d at 734 ("[T]he writ [of error *coram nobis*] is appropriate only when there is *and was* no other available avenue of relief." (emphasis added)); *see also Carlisle*, 517 U.S. at 429 ("Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling."  (internal quotation marks omitted)).

Yadigarov also does not offer "sound reasons . . . for failure to seek appropriate earlier relief."  *United States v. Morgan*, 346 U.S. 502, 512 (1954).  He does not assert that he only learned of the factual basis for his ineffective assistance of counsel claim after he was no longer eligible for § 2255 relief.  *Cf.*

8

*Gonzalez v. United States*, 981 F.3d 845, 852 (11th Cir. 2020) ("Perhaps having no reason to question bad legal advice because it appeared accurate is a valid excuse for not seeking relief earlier." (internal quotation marks omitted)).  Instead, Yadigarov argues that he was unable to move for § 2255 relief while his direct appeal was pending.  That is true, *see United States v. Khoury*, 901 F.2d 948, 969 n.20 (11th Cir. 1990), but Yadigarov chose to file a direct appeal rather than raise his ineffective assistance of counsel claim in a § 2255 motion.  What's more, Yadigarov fails to account for the eight months after he dismissed his direct appeal but before his supervised release term ended.  During those eight months § 2255 relief was available, yet Yadigarov provides no valid excuse for failing to seek it. *See Alikhani*, 200 F.3d at 734; *see also Carlisle*, 517 U.S. at 429; *Morgan*, 346 U.S. at 512.  Yadigarov also contends, without citing to authority, that because he filed his *coram nobis* petition within § 2255's one-year limitations period, he should not be barred from obtaining relief.  *See* 28 U.S.C. § 2255(f).  But Yadigarov's argument is inapposite, as it still does not explain why he failed to seek relief under § 2255 when such relief was available.

A petition for a writ of *coram nobis* is an "extraordinary remedy of last resort," *Mills*, 221 F.3d at 1203; it does not provide a petitioner an opportunity to assert claims he neglected to bring in previously available proceedings, *see Alikhani*, 200 F.3d at 734.  Therefore, we conclude that the district court did not

abuse its discretion in denying Yadigarov's petition because he was permitted to seek relief under § 2255 and he did not provide sound reasons for failing to do so while serving his term of supervised release. Further, because Yadigarov was not entitled to *coram nobis* relief, the district court did not abuse its discretion when it denied his petition without an evidentiary hearing. *See Aron*, 291 F.3d at 715.

## IV.   CONCLUSION

For the foregoing reasons, we affirm the district court's denial of Yadigarov's petition.

**AFFIRMED.**