[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12644

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VALERIY TSOY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:17-cr-00205-PGB-LRH-7

_____

Before WILSON, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Valeriy Tsoy, through counsel, appeals the denial of his petition for a writ of error *coram nobis* under the All Writs Act, 28 U.S.C. § 1651(a). In his petition, he raised two claims for relief: (1) he was denied the right to his choice of counsel when his attorney failed to disclose before trial professional misconduct the attorney had committed ("Claim One"); and (2) he was denied his right to effective assistance of counsel when his counsel failed to call witnesses at trial ("Claim Two"). He requested an evidentiary hearing on both claims. On appeal, he argues that the district court abused its discretion in denying his petition and his request for an evidentiary hearing. After careful review, we affirm.

## I.    BACKGROUND

In July 2018, Tsoy proceeded to trial for marriage fraud in violation of 8 U.S.C. § 1325(c). He was represented by retained counsel, F. Wesley Blankner, Jr., throughout the trial. The government presented evidence at trial, including testimony from Tsoy's wife, showing that after Tsoy's temporary student visa to enter the United States expired, he entered into a sham marriage to evade the immigration laws. After the government rested, Blankner successfully moved for the admission of several exhibits but did not present a case to the jury. Tsoy did not testify, and Blankner did not call any witnesses. A jury found Tsoy guilty, and, in

September 2018, the district court sentenced Tsoy to time-served and one year of supervised release.

Tsoy appealed. Two days later, on September 27, 2018, the district court issued an order appointing new counsel under the Criminal Justice Act ("CJA"). The order explained that trial counsel had been suspended from the practice of law in Florida. The order also directed the clerk of court to provide a copy of the order to Tsoy at his address on the docket.[1] In July 2019, we affirmed his conviction and sentence, concluding that the evidence was sufficient to support his conviction. *United States v. Tsoy*, 781 F. App'x 909, 912 (11th Cir. 2019) (unpublished). Tsoy did not file a 28 U.S.C. § 2255 motion to vacate his conviction. He completed his term of supervised release in September 2019.

In 2021, Tsoy filed a counseled petition for writ of error *coram nobis*. First, he asserted that he was not in custody when his conviction became final, so he could not have filed a § 2255 motion. Second, he argued that he was denied his right to counsel of his choice when Blankner did not disclose that he had pled guilty to, and was disciplined for, failing to provide his clients with diligent representation. Tsoy contended that he would have obtained other counsel if he had known this information. Third, he asserted that he was denied effective assistance of counsel when Blankner failed

---

[1] The docket sheet reflects that a copy of the district court's order was mailed to Tsoy. *See* CM/ECF for U.S. Dist. Ct. for N.D. Ga., Case No. 6:17-cr-205, Dkt. Entry dated Sept. 28, 2018.

to call his immigration attorney and an unknown immigration officer as witnesses during trial, despite his request that Blankner do so. He contended that this testimony would have refuted his wife's testimony. Fourth, he requested an evidentiary hearing.

Tsoy attached a declaration, in which he stated that he was never informed that Blankner had been removed from his case. He stated that he was unaware of Blankner's professional misconduct until March 2020. He also attached records showing that Blankner was disciplined in June 2018 for failing to: (1) fully pay his federal income tax, (2) ensure that a client's post-conviction motion was timely ruled on in the state court, and (3) timely file a notice of appeal following the denial of another client's post-conviction motion.

The government opposed the petition, refuting Tsoy's claims. It asserted that Tsoy failed to present sound reasons for not pursuing his claims earlier. It attached a declaration from Blankner, in which Blankner stated that, in September 2018, Tsoy was informed that Blankner had been suspended and could not handle his appeal. Blankner also stated that his law partner sent a letter[2] to Tsoy advising him of the same information.

The district court denied Tsoy's petition and his request for an evidentiary hearing. It concluded that Tsoy's claims were

---

[2] The record reveals, however, that there was a typographical error in Tsoy's address on the letter.

procedurally barred because he could have moved for a new trial or raised his claims in a § 2255 motion but did not do so. Relying on the letter from Blankner's law partner, the court found that, by September 2018, Tsoy knew that Blankner had been suspended from practicing law. Nevertheless, the court proceeded to evaluate Tsoy's claims on the merits. It determined that Tsoy failed to establish a prima facie case of ineffective assistance of counsel. Specifically, it explained that he failed to submit evidence to show what the desired witnesses' testimony would have been.[3]

Tsoy now appeals.

## II.    STANDARDS OF REVIEW

We review a district court's denial of *coram nobis* relief for an abuse of discretion. *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000). An error of law is an abuse of discretion. *Id.* And a district court abuses its discretion if it makes a finding of fact that is clearly erroneous. *Diveroli v. United States*, 803 F.3d 1258, 1262 (11th Cir. 2015). "A factual finding is clearly erroneous when, upon

---

[3] In Tsoy's reply to the government's opposition to his petition, he attached a declaration from his immigration attorney, Vlad Kuzmin, stating that he did not recall speaking to Blankner. Kuzmin also stated that Blankner did not ask him to be a witness or prepare any statements on behalf of Tsoy. But the district court ultimately struck Tsoy's reply because he failed to seek leave from the court to file it. Because Tsoy does not challenge the portion of the court's order striking the reply, we consider any such argument to have been abandoned. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

review of the evidence, we are left with a definite and firm conviction a mistake has been made." *United States v. Dimitrovski*, 782 F.3d 622, 628 (11th Cir. 2015). A factual finding cannot be clearly erroneous when the factfinder is choosing between two permissible views of the evidence. *United States v. Saingerard*, 621 F.3d 1341, 1343 (11th Cir. 2010). We review a district court's rejection of a petitioner's reasons for delay in petitioning for a writ of error *coram nobis* as a finding of fact and review it for clear error. *Gonzalez v. United States*, 981 F.3d 845, 850–851 (11th Cir. 2020).

We have not yet specified a standard of review for the denial of an evidentiary hearing in a petition for a writ of error *coram nobis*, but in other contexts a district court's denial of an evidentiary hearing is reviewed for an abuse of discretion. *See Aron v. United States*, 291 F.3d 708, 714 n.5 (11th Cir. 2002); *see also, e.g.*, *Hernandez v. United States*, 778 F.3d 1230, 1232 (11th Cir. 2015) (evidentiary hearing in a motion to vacate a sentence); *Burgess v. Comm'r, Ala. Dep't of Corr.*, 723 F.3d 1308, 1320 (11th Cir. 2013) (evidentiary hearing in a habeas proceeding). We apply that standard here.

In *Aron*, we noted that if the petitioner "alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." 291 F.3d at 714–15 (internal quotation marks omitted). But a district court need not hold an evidentiary hearing where the petitioner's allegations are "affirmatively contradicted by the record, or the claims are patently frivolous." *Id.* at 715.

## III.    DISCUSSION

We first review whether the district court abused its discretion in denying Tsoy's petition and then examine whether the district court abused its discretion in denying Tsoy an evidentiary hearing.

## A.    Petition for Writ of Error *Coram Nobis*

The writ of *coram nobis* authorizes courts to vacate a conviction only when (1) no other remedy is available, (2) the petitioner presents sound reasons for failing to seek relief earlier, and (3) the petitioner seeks to remedy an error "of the most fundamental character" that rendered the original proceeding "irregular and invalid." *Alikhani*, 200 F.3d at 734 (internal quotation marks omitted); *United States v. Mills*, 221 F.3d 1201, 1203–04 (11th Cir. 2000).

As to prong (2) of the *coram nobis* standard, the district court's finding—that Tsoy's justification[4] for failing to seek relief earlier was insufficient—was not clearly erroneous. *See Gonzalez*, 981 F.3d at 850–51.

---

[4] In Tsoy's petition for the writ, he alleged that he was not in custody when his conviction became final and thus never had an opportunity to file a § 2255 motion. In his appellate brief, however, he contends for the first time that he lacked sufficient time to file a § 2255 motion between the conclusion of his direct appeal and the end of his sentence. Because he failed to raise the latter position in the district court, we consider it abandoned. *See Sapuppo*, 739 F.3d at 680.

Tsoy failed to present a sound reason for not seeking relief earlier on Claim One. In a declaration, he asserted that he was unaware of his trial counsel's professional misconduct until March 2020. But the record shows that, in September 2018, the district court issued an order appointing counsel under the CJA, citing Blankner's suspension from practicing law as the reason. The order directed the clerk of court to provide a copy of the order to Tsoy at his address on the docket. The district court docket reflects that the clerk of court did so. And, in Blankner's declaration, he stated that Tsoy was informed in September 2018 that Blankner had been suspended and could not handle his appeal. In light of this evidence, the district court's finding—that Tsoy was aware of Blankner's professional misconduct before his time to file a § 2255 motion expired at the end of his sentence in September 2019[5]—was a permissible view of the evidence and was thus not clearly erroneous.[6] *See Saingerard*, 621 F.3d at 1343. Thus, Tsoy could have raised this

---

[5] *See United States v. Brown*, 117 F.3d 471, 475 (11th Cir. 1997) (explaining that a person serving a term of supervised release is "in custody" within the meaning of § 2255).

[6] Although the district court relied on the letter written by Blankner's law partner, which contained a typographical error in Tsoy's address, the district court's previous order appointing counsel under the CJA and Blankner's declaration still supports the same conclusion. *See Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) ("We may affirm the district court's judgment on any ground that appears in the record, whether or not that ground was relied upon or even considered by the court below.").

21-12644          Opinion of the Court          9

challenge in a § 2255 motion but did not do so. *See Mills*, 221 F.3d at 1204.

By the same token, Tsoy also failed to present a sound reason for not seeking relief earlier on Claim Two. Tsoy was aware of Blankner's failure to call witnesses—because it happened at trial—before his time to file a § 2255 motion expired at the end of his sentence. Thus, Tsoy could have also raised this challenge in a § 2255 motion but did not do so. *See id.*

Accordingly, the district court did not abuse its discretion by denying Tsoy's petition as untimely. *See Alikhani*, 200 F.3d at 734. But even if he had not failed to seek earlier relief or present sound reasons for failing to seek earlier relief, his claims of ineffective assistance of counsel also fail on the merits.

We have assumed but not decided in a published opinion that ineffective assistance of counsel may constitute an error so "fundamental" as to warrant *coram nobis* relief. *Moody v. United States*, 874 F.2d 1575, 1577 & n.3 (11th Cir. 1989). To succeed on a claim of ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Failure to establish either prong is fatal and makes it unnecessary to consider the other. *Id.* at 697.

Ineffective-assistance-of-counsel claims in the conflict-of-interest context are governed by the standard articulated by the Supreme Court in *Cuyler v. Sullivan*, 446 U.S. 335 (1980).

*Cuyler* establishes a two-part test that we use to evaluate whether an attorney is constitutionally ineffective due to a conflict of interest. To show ineffectiveness under *Cuyler*, a petitioner must demonstrate: (a) that his attorney had an actual conflict of interest, and (b) that this conflict adversely affected the attorney's performance. *See id.* at 348–49.

In Claim One,[7] Tsoy contends that Blankner's failure to disclose his professional misconduct before trial was a conflict of interest that deprived him of his counsel of choice and of effective assistance of counsel. We agree with the district court that he failed to demonstrate that Blankner's alleged conflict of interest adversely affected his trial performance. The only error by Blankner that Tsoy identified was the failure to call witnesses at trial. But Tsoy failed even to allege that Blankner did not call these witnesses because of his conflict of interest. Further, although Tsoy submitted an affidavit from one of the witnesses, the affidavit did not indicate how the witness's testimony would have refuted Tsoy's wife's testimony at trial, so Tsoy could not establish prejudice. Thus, the district court did not abuse its discretion in denying Tsoy's claim that

---

[7] In Tsoy's petition for the writ, he characterized Claim One as a violation of his right "to choice of counsel." Doc. 442 at 6. On appeal, however, Tsoy recharacterizes Claim One as one for ineffective assistance of counsel. He again refers to the right to his choice of counsel. But, as the government pointed out, Tsoy got his choice of counsel when he retained Blankner. Because the core of his claim as pled is that Blankner was ineffective for failing to disclose a conflict of interest, that is how we construe the claim.

Blankner rendered ineffective assistance of counsel due to a conflict of interest. *See id.*

Tsoy's second claim fails on the merits for a similar reason. Assuming for the sake of argument that Blankner's failure to call witnesses at trial amounted to deficient performance under *Strickland*, Tsoy's failure to demonstrate what the witnesses' testimony would have been means he has not shown prejudice. *See Strickland*, 466 U.S. at 697.

Accordingly, the district court alternatively did not abuse its discretion by denying Tsoy's petition on the merits. *See Alikhani*, 200 F.3d at 734.

## B.    Evidentiary Hearing

Tsoy argues that a hearing was necessary to clarify factual disputes in the record. We disagree. The district court did not abuse its discretion in denying an evidentiary hearing because, as discussed above, the district court's finding of fact on the timeliness of Tsoy's petition was not clearly erroneous, and the court correctly concluded that Tsoy's petition failed to allege facts that would entitle him to relief on his ineffective-assistance-of-counsel claims. *See Aron*, 291 F.3d at 715.

## IV.    CONCLUSION

For the foregoing reasons, we affirm the denial of Tsoy's petition for a writ of error *coram nobis* and of his request for an evidentiary hearing.

**AFFIRMED.**